IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **ROBERT A. GALBRAITH, an Individual,** | 8:13-CV-00149 |
| Plaintiff, | |
| v. | **PROTECTIVE ORDER** |
| **TPG TELEMANAGEMENT, INC., a Pennsylvania Corporation,** | |
| Defendant. | |

The parties have stipulated to the entry of a protective order to govern discovery matters in this case (filing 28). The parties shall govern themselves in accordance with their stipulation, which is set forth as follows:

## I. Definitions

1. **Confidential Information.** As used in this Confidentiality Agreement, "Confidential Information" shall mean: (i) personnel, medical, insurance, or payroll information concerning any current or former employee of Company; (ii) other documents, including business records, client information, and financial records, produced by Plaintiff or Defendant that are in good faith considered to be confidential and protected by the privacy interests held by the producing party in accordance with Federal Rule of Civil Procedure 26(c). Use of Confidential Information during this judicial proceeding shall be governed by this Confidentiality Agreement.

2. **Highly Confidential/Attorneys' Eyes Only:** To the extent it is otherwise discoverable, Confidential Information regarding highly sensitive confidential or proprietary commercial or financial information (including without limitation information about customers, customer contracts, formulae and intellectual property, sales, profits and loss, regulatory issues

or the Company's financial information) may be further designated as "Highly Confidential/Attorneys' Eyes Only."

## II. Procedure for Identification of Confidential Information

3.  The designation of information as "Confidential Information" or "Highly Confidential/Attorneys' Eyes Only" shall be made by placing or affixing on the designated information, in a manner that will not interfere with its legibility, the word "CONFIDENTIAL" or "Highly Confidential/Attorneys' Eyes Only," as applicable. The designation of information as Confidential Information or "Highly Confidential/Attorneys' Eyes Only" shall be made prior to, or contemporaneously with, the production or disclosure of said information. However, should the disclosing party discover after disclosure that the words "CONFIDENTIAL" or "Highly Confidential/Attorneys' Eyes Only" was omitted inadvertently from a document or documents, then upon written notice of same, the other party shall return all such documents. The disclosing party shall then mark the returned documents as "CONFIDENTIAL" or "Highly Confidential/Attorneys' Eyes Only" and produce them to the other party within seven (7) business days of the disclosing party's receipt of same.

## III. Effect of Designation as Confidential or Highly Confidential

4.  Information designated as Confidential Information under this Confidentiality Agreement shall not be used or disclosed by any party, counsel for any party, expert witness, consultant, or their employees, for any purpose whatsoever other than in connection with the prosecution and defense of this matter up through and including any appeals.

5.  Counsel for each party who obtains information designated as Confidential Information under this stipulation shall not disclose or permit disclosure of this information to any person or entity other than the following: (i) the attorneys for the parties; (ii) office

personnel employed by attorneys for the parties to the extent necessary to assist in trial preparation or motion practice; (iii) expert witnesses who may be used in preparation for trial or in the trial of this action; (iv) the parties, (v) employees, officers and directors of the Defendant who have direct responsibility in or for this matter, (vi) witnesses who agree in writing to comply with the provisions of this agreement; and (vii) Court officials involved in this litigation (including court reporters and persons operating video recording equipment at depositions).

6. Information designated Highly Confidential/Attorneys' Eyes Only shall not be disclosed directly or indirectly, in whole or in part, in words or substance, except during the course of this case and only to and among the following persons not withstanding any other provision of this stipulation:

    (a) The attorneys for the receiving party directly involved in this lawsuit, and those attorneys' employees working under their direct supervision;

    (b) Independent consulting or testifying experts not employed by a party;

    (c) Court officials involved in this litigation (including court reporters and persons operating video recording equipment at depositions); and

    (d) Any person who authored or received such information or documents in the ordinary course of business.

7. Nothing contained in this Confidentiality Agreement shall preclude any party from:  (i) designating that party's own information as Confidential Information or Highly Confidential/Attorneys' Eyes Only Information; (ii) using that party's own Confidential Information or Highly Confidential/Attorneys' Eyes Only Information in the regular course of its business; (iii) revealing that party's own Confidential Information or Highly Confidential Information to whomever it chooses; or (iv) using any Confidential Information or Highly

Confidential/Attorneys' Eyes Only Information to prosecute or defend this case up through and including any appeals. However, this Paragraph shall not be interpreted as allowing any party to: (i) designate the opposing party's information as Confidential Information or Highly Confidential/Attorneys' Eyes Only Information; (ii) use the opposing party's Confidential Information or Highly Confidential/Attorneys' Eyes Only Information in the regular course of business; or (iii) reveal the opposing party's Confidential Information or Highly Confidential/Attorneys' Eyes Only Information to anyone, except as set forth herein.

8. Upon final determination of this action, whether by judgment, settlement, or otherwise, counsel of record and each party, person, and entity who obtained documents from a party that are designated as Confidential Information or Highly Confidential/Attorneys' Eyes Only Information shall destroy or return any such documents and all copies thereof to the party or the party's counsel who provided the documents, provided that, counsel of record may retain such documents in their confidential files.

9. Any third parties, other than counsel of record and those Company employees responsible for this litigation including, but not limited to, those responsible for assembly and maintenance of records, who are provided with any Confidential Information or Highly Confidential Information/Attorneys' Eyes Only Information shall be subject to the terms and conditions of this Confidentiality Agreement and shall be required to read, sign and date a copy of this Order agreeing to be bound by its terms. The party's attorney by whom the disclosure was made shall retain a copy of the signed Order in the event if is required for later proceedings or demanded by opposing counsel.

10. Nothing contained in this Confidentiality Agreement shall preclude any party from challenging a party's designation of information as Confidential Information or Highly Confidential/Attorneys' Eyes Only Information and seeking appropriate relief from the Court.

11. This Confidentiality Agreement is effective on the date agreed to by the parties which may predate the entry of this order set forth below.

12. Should any portion of this Confidentiality Agreement be deemed unenforceable, the portion of this agreement shall not invalidate the remainder of the provision of the section or the agreement.

13. This Confidentiality Agreement shall be governed by the laws of Nebraska.  In the event of any action arising hereunder, venue shall be proper in the United States District Court for the District of Nebraska.

14. The parties reserve the right to change or modify this Confidentiality Agreement in writing at any time, provided that no change is effective against or binding upon any party unless and until any written change or modification is signed by that party or its counsel.

**IT IS SO ORDERED.**

**DATED February 18, 2014.**

> BY THE COURT:
>
> S/ F.A. Gossett
> **United States Magistrate Judge**